UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JARROD ALEXANDER LILLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11CV88 LMB |
| | ) | |
| JEFF NORMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jarrod Lilly (registration no. 1103626), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $18.75. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $93.75, and an average monthly balance of $7.06. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $18.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Jeff Norman (Warden, SECC), Stephanie Novak (Administrator, Correctional Medical Services ("CMS")), Michael Hakala (Physician, CMS), E. Conley (Physician, CMS), Heather Cato (Nurse, CMS), Lisa Roberts (same), Warren Moore (same), Jarrod Flood (Physician, CMS), Debbie Judy (Nurse, CMS), and Charles Reed (Sergeant, SECC).

Plaintiff alleges that on May 6, 2010, he had a tooth extracted, which had been abscessed. Overnight, says plaintiff, he developed severe stomach pain and vomiting. Plaintiff says that on May 7, 2010, he went to the medical unit and told defendant Judy that he was experiencing severe abdominal pain and was vomiting black fluid. Plaintiff claims that Judy refused allow him to see a physician until he submitted a

medical request form. Plaintiff says he complied and returned to his housing unit, where his symptoms worsened.

Plaintiff claims that on May 8, 2010, his abdominal pain was still worse, and he was continuing to vomit black fluid. Plaintiff says that he fell unconscious at one point and two other inmates helped him to the medical unit where he self-declared an emergency. Plaintiff alleges that he was seen by defendant Cato, who told him there was nothing wrong with him and refused to allow him to see a physician. When plaintiff persistently requested to see a physician, he claims, Cato threatened to have him assigned to administrative segregation.

Over the next couple of days, alleges plaintiff, he was denied access to medical care by defendants Reed and Moore. Plaintiff claims that on May 11, 2010, he saw defendant Flood, who only ordered that plaintiff's diet be changed.

Plaintiff alleges that on May 12, 2010, he lost consciousness while attempting to get to the chow hall. Plaintiff claims that he regained consciousness in an outside hospital after undergoing emergency surgery for a perforated duodenal ulcer.

Plaintiff does not allege that defendants Norman, Novak, Hakala, Conley, or Roberts were directly involved in the above incidents.

## Discussion

The complaint survives initial review as to defendants Cato, Moore, Flood, Judy, and Reed. As a result, the Court will order these defendants to respond to the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Norman, Novak, Hakala, Conley, or Roberts were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $18.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Cato, Moore, Flood, Judy, and Reed.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Cato, Moore, Flood, Judy, and Reed shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Norman, Novak, Hakala, Conley, or Roberts because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 1st day of June, 2011.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE