UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JARROD A. LILLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:11CV0088 HEA |
| ) | |
| JEFF NORMAN, et al., ) | |
| ) | |
| Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Charles Reed's Motion for Summary Judgment [ECF No. 14]. Plaintiff Jarrod Lilly did not respond to the motion. For the reasons set forth below, Defendant Reed's Motion for Summary Judgment is granted.

Plaintiff is an inmate at the Southeast Correctional Center in Charleston, Missouri. Defendant Reed is a sergeant with the correctional staff there. Plaintiff initially filed this action on May 18, 2011, pursuant to 42 U.S.C. § 1983, alleging that he was denied medical treatment by the defendant through deliberate indifference that subjected him to cruel and unusual punishment. Specifically, Plaintiff alleges that a medical staff nurse instructed Defendant Reed to have Plaintiff removed from a wheelchair in the unit, and remove him from the medical unit altogether.

Defendant Reed contends that Plaintiff failed to properly exhaust his claim against Reed because he did not file a separate Informal Resolution Request ("IRR"), grievance, and appeal as required by Missouri Department of Correction's grievance process. Defendant alleges that Reed's initiation of a medical grievance through the Correctional Medical Services chain of review deprived the Department of Corrections of an opportunity to review his claim against Defendant Reed in the first instance. Additionally, Defendant contends that Plaintiff abandoned whatever claim he may have asserted against Reed when he failed to include it in his appeal, as Plaintiff's appeal contained no allegations against Defendant Reed. As such, Defendant Reed argues that he is entitled to summary judgment because Plaintiff failed to fully and properly exhaust his administrative remedies against him. The Court agrees with Defendant Reed.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v.*

*Bock*, 549 U.S. 199, 219 (2007)("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id*., at 211; see also *Woodford v. Ngo*, 548 U.S. 81-89-91 (2006). The Eighth Circuit has clarified that the PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim mentioned in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. See *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir.2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir.2000). "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Available grievance procedures must be exhausted even if the relief the inmate seeks under § 1983 was not available through those procedures. *Booth v. Churner*, 532 U.S. 731, 737-41 & n. 6 (2001); *King v. Iowa Dept. of Corrections,* 598 F.3d 1051, 1052 - 1054 (8th Cir. 2010).

"In *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S.Ct 2378, 165 L.Ed2d 368 (2006), the Supreme Court held that § 1997e(a) requires 'proper' exhaustion, that is, 'a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.'" *King*, 598 F.3d at 1053.

3

To fully exhaust administrative remedies, within the MDC, a prisoner must file: (1) an informal resolution within 15 working days of the incident; (2) an offender grievance; and (3) the grievance appeal. Additionally, the MDC's policies require that the process be completed within certain time frames and must comply with procedural rules.

Here, Plaintiff exhausted his claim against the Correctional Medical Services staff, however, he did not exhaust with respect to Defendant Reed–a correctional staff member. In *Dashley v. Correctional Medical Services, Inc.,* 345 F.Supp.2d 1018, 1024 (E.D.Mo. 2004), the Eighth Circuit held that a Missouri inmate failed to exhaust his administrative remedies as to his claim that correctional center superintendent was deliberately indifferent to his medical needs. The Court held that the inmate's § 1983 claim was barred by the PLRA where the only mention of superintendent in inmate's first administrative appeal was an assertion that superintendent, not medical unit, was supposed to respond to his grievances; and superintendent thus had no notice that inmate was specifically grieving against him. *Id.* In this case, Plaintiff asserts his claim against a sergeant of the correctional staff; he is not part of the Correctional Medical Services staff. Further, Plaintiff does not even mention Defendant Reed's involvement in his grievance appeal. By failing to put Defendant Reed on notice of such claim, Plaintiff failed to exhaust the administrative remedies afforded to him by the PLRA. *See also Stewart v. Correctional Medical Services,* 2007 WL 1101192, at

4

*2-*3 (W.D.Mo. 2007) (assuming inmate's claim were exhausted with regard to CMS staff, it was unexhausted as to correctional staff; therefore, dismissal of inmate's claim against correctional staff was mandatory under PLRA). As such, Defendant Reed's Motion for Summary Judgment shall be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sgt. Charles Reed's Motion for Summary Judgment [ECF No. 14] is **GRANTED** due to Plaintiff Jarrod Lilly's failure to exhaust his administrative remedies under the PLRA.

**IT IS FURTHER ORDERED** that Defendant Sgt. Charles Reed shall be dismissed as a defendant.

**IT IS FURTHER ORDERED** that Defendant Reed's Motion to Dismiss [ECF No. 12] shall be **DENIED** as moot.

Dated this 23rd day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE